IN THE SUPREME COURT OF NORTH CAROLINA

 2021-NCSC-35

 No. 77A19

 Filed 16 April 2021

IN THE MATTER OF THE PROPOSED FORECLOSURE of a Claim of Lien filed
on Calmore George and Hygiena Jennifer George by The Crossings Community
Association, Inc. dated August 22, 2016, recorded in Docket No. 16-M-6465 in the
Office of the Clerk of Court of Superior Court for Mecklenburg County Registry by
Sellers Ayers Dortch & Lyons, P.A., Trustee

 Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of

the Court of Appeals, 264 N.C. App. 38 (2019), dismissing, in part; affirming, in part;

and reversing and remanding, in part, an order entered on 15 March 2018 by Judge

Nathaniel J. Poovey in Superior Court, Mecklenburg County. Heard in the Supreme

Court on 12 January 2021.

 Thurman, Wilson, Boutwell & Galvin, P.A., by James P. Galvin, for petitioner-
 appellants.

 Derek P. Adler for intervenor-appellee National Indemnity Group.

 James, McElroy & Diehl, P.A., by Preston O. Odom, III, for intervenor-appellee
 KPC Holdings.

 No brief for for respondent-appellee Sellers, Ayers, Dortch & Lyons, P.A.

 Legal Aid of North Carolina, Inc., by Celia Pistolis and Johnnie Larrie; Karen
 Fisher Moskowitz for Charlotte Center for Legal Advocacy; Jason A. Pikler for
 North Carolina Justice Center; and Maria D. McIntyre for Financial Protection
 Law Center, amici curiae.

 ERVIN, Justice.
 IN RE GEORGE

 2021-NCSC-35

 Opinion of the Court

¶1 This case involves the issue of whether the trial court abused its discretion in

 concluding that two purchasers, the first of whom bought a tract of property at a

 nonjudicial foreclosure sale and the second of whom purchased the property from the

 initial purchaser, were not good faith purchasers for value. After a hearing

 concerning the issues raised by the property owners’ motion for relief from a

 foreclosure order, the trial court determined that the transfers to both subsequent

 purchasers should be declared null and void given that the court lacked jurisdiction

 over the person of one of the property owners as the result of insufficient notice and

 deficient service of process. After a separate hearing that was held for the purpose of

 addressing the purchasers’ motion for relief from the order voiding the initial

 foreclosure order and the resulting property transfers, the trial court determined that

 the subsequent purchasers were not entitled to good faith purchaser for value status

 or to the benefit of the protections afforded to subsequent good faith purchasers for

 value by N.C.G.S. § 1-108. On appeal, the Court of Appeals held that, even though

 the initial foreclosure order had been invalid on the grounds of insufficient notice, the

 property owner had received constitutionally sufficient notice and that both of the

 subsequent purchasers were entitled to good faith purchaser for value status. After

 careful consideration of the record in light of the applicable law, we affirm the

 decision of the Court of Appeals, in part; reverse that decision, in part; and remand

 this case to the Superior Court, Mecklenburg County, for consideration of the extent,
 IN RE GEORGE

 2021-NCSC-35

 Opinion of the Court

 if any, to which an order of restitution should be entered pursuant to the applicable

 law.

¶2 Respondents Calmore George and his wife, Hygiena Jennifer George, owned a

 house in Charlotte that is located in the Crossings Community subdivision. The

 Georges decided to purchase the tract of property in question because their

 “daughters at that time were approaching college age and the first daughter decided

 that she wanted to come to North Carolina.” After three of the Georges’ younger

 daughters followed their older sister to North Carolina for their college education, the

 Georges decided to buy a house in which their daughters could live while obtaining

 their degrees.

¶3 The Georges lived in St. Croix in the United States Virgin Islands, where Ms.

 George worked as a teacher and an accounting clerk while Mr. George performed

 various jobs, including property maintenance. The couple’s combined adjusted gross

 income in 2016 was $26,420.00. Although the Georges were full-time residents of St.

 Croix, they typically visited their daughters at the Charlotte property approximately

 once or twice each year. More specifically, Ms. George would typically visit the

 Charlotte property for approximately one month during the summertime, when she

 was on break from her teaching responsibilities, while both Mr. and Ms. George would

 visit the property for a few weeks around Christmas. The members of the family who

 lived in the home full-time took care of paying the bills and addressing other issues
 IN RE GEORGE

 2021-NCSC-35

 Opinion of the Court

 relating to the property, including paying the water and energy bills that were mailed

 to the house.

¶4 On 22 August 2016, the Crossings Community Association, which served as

 the homeowners’ association for the development in which the Georges’ house was

 located, filed a claim of lien against the property relating to unpaid homeowners’

 association fees in the amount of $204.75. In its claim of lien, the Association stated

 that, if the outstanding fees remained unpaid, it would initiate foreclosure

 proceedings in accordance with the applicable provisions of North Carolina law.

 However, the Georges did not pay the outstanding homeowners’ association fees.

¶5 On 11 October 2016, the trustee for the Association filed a notice of hearing

 stating that the Association intended to foreclose upon the property for the purpose

 of collecting the unpaid fees. The Association attempted to serve this notice of

 foreclosure upon the Georges in a variety of ways, including the use of both regular

 and certified mail, return receipt requested, directed to the St. Croix address listed

 on the deed by means of which the Georges had acquired the property and by both

 regular mail and certified mail directed to the address of the Charlotte property.

 However, the Association did not successfully effectuate service upon the Georges

 through the use of the mails because there was no mail receptacle at the St. Croix

 address and because the receipts for the mailings to the Charlotte address were never

 returned.
 IN RE GEORGE

 2021-NCSC-35

 Opinion of the Court

¶6 In addition, the Association attempted to effectuate personal service upon the

 Georges at the Charlotte property. On 12 October 2016, Deputy Sheriff Shakita

 Barnes of the Mecklenburg County Sheriff’s Office personally served the notice of

 foreclosure upon a woman who identified herself as Hygiena Jennifer George at the

 Charlotte property and completed returns of service in which she stated that she had

 personally served Ms. George and that she had served Mr. George by leaving copies

 with Ms. George, a person of suitable age and discretion who resided at Mr. George’s

 dwelling house or usual place of abode. The person upon whom Deputy Barnes

 actually effectuated service was, however, the Georges’ eldest daughter, Jeanine

 George, who had claimed to be Ms. George at the time that she was served with the

 notice of foreclosure by Deputy Barnes. On 13 October 2016, the trustee filed the

 returns of service completed by Deputy Barnes and an affidavit indicating that the

 Crossings Community Association had unsuccessfully attempted to serve the Georges

 by mail.

¶7 On 9 December 2016, the office of the Clerk of Superior Court, Mecklenburg

 County, entered an order permitting the nonjudicial foreclosure sale to go forward,

 and scheduling a foreclosure sale relating to the property for 12 January 2017. On

 12 January 2017, KPC Holdings purchased the property at auction for $2,650.22. On

 3 February 2017, the trustee executed a foreclosure deed transferring ownership of

 the property to KPC Holdings. On 21 March 2017, KPC Holdings executed a special
 IN RE GEORGE

 2021-NCSC-35

 Opinion of the Court

 warranty deed conveying the property to National Indemnity Group, an entity owned

 by Laura Schoening for property development purposes, with the sale of the property

 from KPC Holdings to National Indemnity having been secured by a promissory note

 and deed of trust in the amount of $150,000.00.

¶8 The Georges claimed to have had no notice of the unpaid homeowners’

 association fees and subsequent foreclosure proceeding until 10 March 2017, when

 one of their daughters called them for the purpose of reporting that they had been

 ordered to vacate the property. Upon receiving this information, Ms. George sent an

 e-mail to the Association’s attorney in which she claimed that she and Mr. George did

 not understand why they were being dispossessed of their property and expressed the

 belief that she and Mr. George did not have any outstanding mortgage payments or

 owe any other debts associated with the property.

¶9 On 18 April 2017, the Georges filed a motion pursuant to N.C.G.S. § 1A-1, Rule

 60(c), in which they sought to have the order of foreclosure and all other related

 proceedings and transactions declared null and void. In their motion for relief from

 judgment, the Georges claimed that they had not received the notice that was

 statutorily required in foreclosure proceedings, that the return of service completed

 by Deputy Barnes was erroneous, and that the order authorizing the foreclosure sale

 and the subsequent conveyances should be vacated. On 17 July 2017, the trial court
 IN RE GEORGE

 2021-NCSC-35

 Opinion of the Court

 entered an order allowing an intervention motion filed by National Indemnity and

 making both National Indemnity and KPC Holdings parties to this proceeding.

¶ 10 On 17 July 2017, the trial court held a hearing for the purpose of considering

 the issues raised by the Georges’ motion for relief from judgment, at which it heard

 testimony from the Georges and Ms. Schoening, who testified that she had purchased

 the property from KPC Holdings after having driven past the property and having

 conducted on-line research that included an inspection of the applicable property tax

 payment and prior foreclosure records. Among other things, Ms. Schoening testified

 that she had learned from the public record that the Georges had purchased the

 property at a previous foreclosure sale for an amount in excess of $130,000.00 and

 that, at the time of the foreclosure that was at issue in this case, they owned the

 property free and clear of any indebtedness, with the exception of the $204.75 amount

 that was allegedly owed to the Association. In addition, Ms. Schoening testified that

 her purchase of the property had been secured by a note and deed of trust in the

 amount of $150,000.00 that was payable to KPC Holdings, that she had invested

 approximately $50,000.00 in the course of renovating the property as of the date of

 the hearing, and that she planned to sell the property for $240,000.00 after it had

 become “retail ready.”

¶ 11 On 9 August 2017, the trial court entered an order concluding that Mr. George

 had not been properly served with the notice of foreclosure given that the property
 IN RE GEORGE

 2021-NCSC-35

 Opinion of the Court

 was not his dwelling or usual place of abode. In addition, the trial court further

 determined that the foreclosure sale had been allowed to proceed despite the lack of

 personal jurisdiction over Mr. George, so that the foreclosure sale and subsequent

 conveyances should be invalidated. As a result, the trial court granted the Georges’

 motion for relief from judgment and declared the deeds transferring the property from

 the trustee to KPC Holdings and from KPC Holdings to National Indemnity to be null

 and void. National Indemnity and KPC Holdings noted appeals to the Court of

 Appeals from the trial court’s order granting the Georges’ motion for relief from

 judgment.

¶ 12 On 3 November 2017, KPC Holdings and National Indemnity filed a motion for

 relief from judgment pursuant to N.C.G.S. § 1A-1, Rule 60(b)(6), in which they

 requested the trial court to vacate the earlier order granting the Georges’ motion for

 relief from judgment on the grounds that they were both good faith purchasers for

 value and that the Georges had received constitutionally sufficient service of the

 notice of foreclosure in accordance with the Court of Appeals’ then-recent decision in

 In re Ackah, 255 N.C. App. 284 (2017), aff’d per curiam, 370 N.C. 594 (2018). On the

 same date, KPC Holdings and National Indemnity filed a motion with the Court of

 Appeals in which they requested that this case be remanded to the trial court for the

 purpose of permitting it to make an indicative ruling concerning whether their motion

 for relief from the trial court’s earlier order should be allowed or denied. The Court
 IN RE GEORGE

 2021-NCSC-35

 Opinion of the Court

 of Appeals granted this remand motion on 22 November 2017. On 15 March 2018,

 the trial court entered an order concluding that neither KPC Holdings nor National

 Indemnity qualified as a good faith purchaser for value for purposes of N.C.G.S. § 1-

 108 and that their motion for relief from judgment was denied. KPC Holdings and

 National Indemnity noted appeals to the Court of Appeals from the trial court’s

 indicative decision.

¶ 13 In seeking relief from the trial court’s orders before the Court of Appeals, KPC

 Holdings and National Indemnity argued that the trial court had erred by failing to

 join the trustee under the deed of trust between the two of them,1 by determining

 that the Georges had not received sufficient notice of the foreclosure sale, and by

 determining that neither KPC Holdings nor National Indemnity was a good faith

 purchaser for value. In re George, 264 N.C. App. 38, 41 (2019). In addressing the

 notice-related argument advanced by KPC Holdings and National Indemnity, the

 Court of Appeals began by recognizing that adequate notice must be provided to the

 record owners of a tract of property before a foreclosure is permissible and that, in

 the absence of such notice and “valid service of process, a court does not acquire

 personal jurisdiction over the [owner] and the [foreclosure] action must be dismissed.”

 Id. at 45 (quoting Glover v. Farmer, 127 N.C. App. 488, 490 (1997)). The Court of

 1 As a result of the fact that KPC Holdings and National Indemnity have not brought

 their claim relating to the trial court’s failure to join the trustee as a party forward for our
 consideration, we will refrain from discussing that issue any further in this opinion.
 IN RE GEORGE

 2021-NCSC-35

 Opinion of the Court

 Appeals noted that the valid methods for the service of a notice of foreclosure include

 the following:

 a. . . . [D]elivering a copy of the summons and of the
 complaint to the natural person or by leaving copies thereof
 at the defendant’s dwelling house or usual place of abode
 with some person of suitable age and discretion then
 residing therein.

 ....

 c. . . . [M]ailing a copy of the summons and of the complaint,
 registered or certified mail, return receipt requested,
 addressed to the party to be served, and delivering to the
 addressee.

 In re George, 264 N.C. App. at 45–46 (third alteration in original) (quoting N.C.G.S §

 1A-1, Rule 4(j)(1)(a), (c) (2017)), the Court of Appeals expressed agreement with the

 trial court’s determination that the trustee had failed to properly serve the notice of

 foreclosure as required by N.C.G.S. § 1A-1, Rule 4, given that the attempted service

 “upon [Mr.] George by leaving a copy at the Mecklenburg County property was

 inadequate because the property was not his dwelling house or usual place of abode.”

 In re George, 264 N.C. App. at 47. As a result, the Court of Appeals concluded that

 “the trial court correctly determined that the foreclosure sale was void due to lack of

 personal jurisdiction over [Mr.] George.” Id. at 48.

¶ 14 At that point, the Court of Appeals turned to the argument advanced by KPC

 Holdings and National Indemnity that they both qualified as good faith purchasers

 for value entitled to the protections available pursuant to N.C.G.S. § 1-108. Id. The
 IN RE GEORGE

 2021-NCSC-35

 Opinion of the Court

 Court of Appeals recognized that, if “a judgment is set aside pursuant to Rule 60(b)

 or (c) of the Rules of Civil Procedure[,] . . . such restitution may be compelled as the

 court directs,” with “[t]itle to property sold under such judgment to a purchaser in

 good faith . . . not [being] thereby affected.” Id. (quoting N.C.G.S § 1-108 (2017)).

 According to the Court of Appeals, a party qualifies as a good faith purchaser for

 value for purposes of N.C.G.S. § 1-108 when it “purchases without notice, actual or

 constructive, of any infirmity, and pays valuable consideration and acts in good faith,”

 id. at 49 (quoting Morehead v. Harris, 262 N.C. 330, 338 (1964)), with this Court’s

 decision in Swindell v. Overton, 310 N.C. 707, 713, (1984), serving to establish that a

 gross inadequacy of purchase price is insufficient, in and of itself, to support a

 determination that a subsequent purchaser of foreclosed-upon property did not act in

 good faith. In re George, 264 N.C. App. at 49.

¶ 15 In resolving this aspect of the challenge lodged by KPC Holdings and National

 Indemnity to the trial court’s indicative decision, the Court of Appeals relied upon In

 re Ackah, 255 N.C. App. at 288, for the proposition that, even though a property owner

 cannot normally be divested of his or her property without sufficient notice, he or she

 can be deprived of the property in question as the result of a foreclosure sale if he or

 she had “constitutionally sufficient notice” of the pendency of the foreclosure

 proceeding and the subsequent purchaser was a good faith purchaser for value for

 purposes of N.C.G.S. § 1-108. In re George, 264 N.C. App. at 52. In the Court of
 IN RE GEORGE

 2021-NCSC-35

 Opinion of the Court

 Appeals’ view, In re Ackah held that “constitutional due process does not require that

 the property owner receive actual notice” and that, “where notice sent by certified

 mail is returned ‘unclaimed,’ due process requires only that the sender must take

 some reasonable follow-up measure to provide other notice where it is practicable to

 do so.” Id. at 50 (quoting In re Ackah, 255 N.C. App. at 288).

¶ 16 A majority of the Court of Appeals applied these principles to the facts of this

 case by holding that KPC Holdings was a good faith purchaser for value and that the

 trial court had erred by vacating the foreclosure sale and subsequent transfer from

 the trustee to KPC Holdings.2 In re George, 264 N.C. App. at 52. In concluding that

 KPC Holdings was entitled to good faith purchaser for value status, the Court of

 Appeals noted that:

 No record evidence exists that either KPC Holdings or
 National Indemnity had actual knowledge or constructive
 notice of the improper service of the foreclosure notice. No
 infirmities or irregularities existed in the foreclosure
 record that would reasonably put KPC Holdings or any
 other prospective purchaser on notice that service was
 improper. The sheriff’s return of service indicated that
 personal service was made upon [Ms.] George and that
 substitute service was accomplished for Calmore George by
 leaving copies with [Ms.] George. KPC Holdings was

 2 After determining that, given KPC Holdings’ status as a good faith purchaser for

 value, the trial court had erred by invalidating the deed from the trustee to KPC Holdings,
 the Court of Appeals noted that it did not need to reach the issue of whether National
 Indemnity was a good faith purchaser for value as defined by N.C.G.S. § 1-108 in order to
 necessitate the reversal of the challenged trial court order. In re George, 264 N.C. App. 38,
 51 (2019).
 IN RE GEORGE

 2021-NCSC-35

 Opinion of the Court

 entitled to rely upon that record in purchasing the property
 at the foreclosure sale.

 Id at 50–51. In addition, a majority of the Court of Appeals held that, “[w]hile [Mr.]

 George did not receive proper Rule 4 notice of the foreclosure sale of the property, as

 explained above, the Georges did receive constitutionally sufficient notice,” noting the

 fact that the trustee had made multiple attempts to notify the Georges of the

 pendency of foreclosure proceeding, including attempted personal service, attempted

 service by certified mail, and e-mail exchanges. Id. at 52. Based upon these

 determinations, the Court of Appeals held that the trial court had abused its

 discretion by vacating the order authorizing the trustee to conduct a foreclosure sale

 and the subsequent deeds transferring the property from the trustee to KPC Holdings

 and from KPC Holdings to National Indemnity. Id.

¶ 17 In a separate concurring opinion, Judge Dillon opined that the purchaser at a

 foreclosure sale need not pay “valuable consideration” in order to be entitled to the

 benefit of the protections afforded by N.C.G.S. § 1-108 and, on the contrary, merely

 needed to “believe[ ] in good faith that the sale was properly conducted.” Id. at 55

 (Dillon, J., concurring). Similarly, Judge Dillon noted that a low purchase price did

 not suffice, standing alone, to support a decision to overturn a foreclosure sale, citing

 Swindell, 310 N.C. at 713, and asserted that nothing in the record tended to show

 that KPC Holdings had not purchased the property in good faith. In re George, 264

 N.C. App. at 55.
 IN RE GEORGE

 2021-NCSC-35

 Opinion of the Court

¶ 18 In a dissenting opinion, Judge Bryant opined that neither KPC Holdings nor

 National Indemnity qualified as good faith purchasers for value for purposes of

 N.C.G.S § 1-108. Id. at 55–56 (Bryant, J., concurring in part and dissenting in part).

 In reaching this conclusion, Judge Bryant recognized that a “gross inadequacy of

 consideration, when coupled with any other inequitable element, even though

 neither, standing alone, may be sufficient for the purpose, will induce a court of equity

 to interpose and do justice between the parties.” Id. at 56 (quoting Foust v. Gate City

 Sav. & Loan Ass’n, 233 N.C. 35, 37 (1950)). According to Judge Bryant, the

 exceedingly low purchase price at which the property had been purchased from the

 trustee and the lack of proper notice to the Georges sufficed, when taken in

 combination, to support the trial court’s decision to vacate the underlying foreclosure

 order and the resulting property transfers. Id at 57. In support of her determination

 that KPC Holdings and National Indemnity had notice of the risk that the notice of

 foreclosure had not been properly served upon the Georges, Judge Bryant pointed to

 the fact that, while the record contained adequate evidence relating to the

 Association’s claim of lien against the Georges, “KPC Holdings was on reasonable

 notice that there were no other liens when it placed a bid of $2,650.22” despite the

 fact that the property was worth approximately $150,000.00. Id. at 56–57. In

 addition, Judge Bryant noted the existence of “questionable evidence of wrongdoing”

 on the part of KPC Holdings and National Indemnity and stated that neither party
 IN RE GEORGE

 2021-NCSC-35

 Opinion of the Court

 had satisfied its burden of proving that it was an innocent purchaser for value given

 that KPC Holdings and National Indemnity “were colleagues, dealt with each other

 in the past, and both made a substantial profit with their respective conveyances of

 the property.” Id. at 57. The Georges noted an appeal to this Court from the Court

 of Appeals’ decision based upon Judge Bryant’s dissent.

¶ 19 In seeking to persuade us to overturn the Court of Appeals’ decision, the

 Georges have argued that the Court of Appeals majority had erred by determining

 that the trial court had abused its discretion by concluding that KPC Holdings and

 National Indemnity were not good faith purchasers for value entitled to protection

 pursuant to N.C.G.S. § 1-108.3 According to the Georges, the “trial court was in the

 best position to weigh the evidence, determine the credibility of witnesses —

 including [Ms.] Schoening — and the weight to be given the testimony of the

 witnesses.” In the Georges’ view, the information available to KPC Holdings and

 National Indemnity from an examination of the public records, which included the

 lack of any deed of trust or other encumbrance applicable to the property other than

 the Association’s claim of lien, and the fact that the Georges did not contest the

 3 In addition, the Georges argue that the Court of Appeals had erred by distinguishing

 between constitutionally sufficient notice and sufficient notice for purposes of N.C.G.S. § 1A-
 1, Rule 4, and finding that they had received constitutionally sufficient notice of the
 foreclosure proceeding. In view of our determination that neither KPC Holdings nor National
 Indemnity were good faith purchasers for value entitled to the protections of N.C.G.S. § 1-
 108, we need not address the merits of the Georges’ notice-related arguments.
 IN RE GEORGE

 2021-NCSC-35

 Opinion of the Court

 foreclosure proceeding, sufficed to put KPC Holdings and National Indemnity on

 constructive notice that the Georges did not know of the existence of the foreclosure

 proceeding. In addition, the Georges assert that it was “obvious to the trial court”

 that the owner of National Indemnity had failed to testify honestly and that an

 “appellate court should not override a trial court’s credibility determination absent

 an abuse of discretion.”

¶ 20 According to the Georges, KPC Holdings and National Indemnity are not

 entitled to the protections available pursuant to N.C.G.S. § 1-108 given that they did

 not purchase the property “without notice, actual or constructive, of any infirmity”

 and had not paid valuable consideration for it in good faith, quoting Goodson v.

 Goodson, 145 N.C. App. 356, 363 (2001). The Georges contend that the available

 public records, including the deed to their property, showed that the Georges had a

 St. Croix address and owned their property free and clear of any liens and

 encumbrances, with the exception of the Association’s claim of lien, which amounted

 to only $204.75. In light of this publicly available information, the Georges claim that

 KPC Holdings and National Indemnity had ample basis for questioning the

 sufficiency of the service of the foreclosure notice on the grounds that “[s]omeone who

 otherwise owns a property free and clear of liens or encumbrances would not allow

 that property to be sold at a foreclosure sale for less than three thousand dollars

 unless there was a potential problem, e.g., with service,” with this case being
 IN RE GEORGE

 2021-NCSC-35

 Opinion of the Court

 distinguishable from In re Ackah on the grounds that KPC Holdings and National

 Indemnity had failed to either pay valuable consideration or establish that they had

 acted in good faith.

¶ 21 In seeking to persuade us to uphold the Court of Appeals’ decision, KPC

 Holdings argues that, when a purchaser lacks actual notice of a defect in the

 underlying foreclosure proceeding, it “may rely on the facial validity of the record in

 determining that there are no defects in title to the land in question,” citing Goodson,

 145 N.C. App. at 363. In addition, KPC Holdings asserts that a foreclosure

 proceeding, including service of process, should be presumed effective when “the

 return shows legal service by an authorized officer, nothing else appearing,” quoting

 Harrington v. Rice, 245 N.C. 640, 642 (1957). In view of the fact that the return of

 service completed by Deputy Barnes indicated that the notice of foreclosure had been

 personally served upon Ms. George, KPC Holdings argues that it “was entitled to rely

 on the record’s facial validity to purchase the Property with the highest bid at the

 nonjudicial foreclosure sale.” On the other hand, KPC Holdings claims that the

 Georges’ argument that neither KPC Holdings nor National Indemnity are entitled

 to innocent purchaser for value status “because [the Georges] had too much equity in

 the Property for which KPC Holdings purportedly bid too little at the sale . . .

 contravenes applicable precedent.” Finally, KPC Holdings claims that acceptance of

 the Georges’ contention that it and National Indemnity had constructive notice that
 IN RE GEORGE

 2021-NCSC-35

 Opinion of the Court

 the Georges did not know of the existence of the proceeding “would mean that no one

 could ever bid on real property in a nonjudicial foreclosure proceeding initiated in this

 State to satisfy a lien constituting a fraction of the property’s value” and would “defy

 the General Assembly’s intent behind Chapter 45 of the North Carolina General

 Statutes and subvert basic economic and free-market principles.”

¶ 22 Similarly, National Indemnity argues that it was a good faith purchaser for

 value such that its title to the property cannot be disturbed by means of an order

 granting a motion for relief from judgment. National Indemnity asserts that, even if

 this Court determines that KPC Holdings was not a good faith purchaser entitled to

 the protections available pursuant to N.C.G.S. § 1-108, “KPC Holdings’ designation

 as a good faith purchaser is irrelevant where National Indemnity Group was a

 subsequent good faith purchaser that paid valuable consideration” and National

 Indemnity “took no part in the foreclosure sale and purchased the property for a

 $150,000 note secured by a recorded deed of trust.” In National Indemnity’s view,

 the Georges’ argument “ask[s] bidders at foreclosure sales to perform greater due

 diligence than the foreclosing entity and the Sheriff.” Finally, National Indemnity

 contends that N.C.G.S. § 1-108, as interpreted in In re Ackah, “constrains the court

 from undoing good faith conveyances” and claims that the Georges have failed to

 direct the Court’s attention to any instance in which a subsequent conveyance was

 invalidated in the absence of an allegation and proof of fraud.
 IN RE GEORGE

 2021-NCSC-35

 Opinion of the Court

¶ 23 N.C.G.S. § 1A-1, Rule 60(b), allows a party to obtain relief from a final

 judgment or order on a number of different grounds, including instances in which

 “[t]he judgment is void” or “[a]ny other reason justifying relief from the operation of

 the judgment” exists. N.C.G.S § 1A-1, Rule 60(b)(4), (6) (2019). The authority granted

 to a trial judge by N.C.G.S. § 1A-1, Rule 60(b) “is equitable in nature and authorizes

 the trial court to exercise its discretion in granting or denying the relief sought.”

 Howell v. Howell, 321 N.C. 87, 91 (1987) (citing Kennedy v. Starr, 62 N.C. App. 182

 (1983)). “[A] motion for relief under Rule 60(b) is addressed to the sound discretion

 of the trial court and appellate review is limited to determining whether the court

 abused its discretion,” Sink v. Easter, 288 N.C. 183, 198 (1975), with such an abuse

 of discretion having occurred only when the trial court’s determinations are

 “manifestly unsupported by reason,” Davis v. Davis, 360 N.C. 518, 523 (2006) (quoting

 Clark v. Clark, 301 N.C. 123, 129 (1980)). As a result, “[a] ruling committed to a trial

 court’s discretion is to be accorded great deference and will be upset only upon a

 showing that it was so arbitrary that it could not have been the result of a reasoned

 decision.” Davis, 360 N.C. at 523 (quoting White v. White, 312 N.C. 770, 777 (1985)).

¶ 24 N.C.G.S. § 1-108 provides that

 [i]f a judgment is set aside pursuant to Rule 60(b) or (c) of
 the Rules of Civil Procedure and the judgment or any part
 thereof has been collected or otherwise enforced, such
 restitution may be compelled as the court directs. Title to
 property sold under such judgment to a purchaser in good
 faith is not thereby affected.
 IN RE GEORGE

 2021-NCSC-35

 Opinion of the Court

 N.C.G.S. § 1-108 (2019). A “purchaser in good faith” or an “innocent purchaser” is a

 person who “purchases without notice, actual or constructive, of any infirmity, and

 pays valuable consideration and acts in good faith.” Morehead, 262 N.C. at 338

 (quoting Lockridge v. Smith, 206 N.C. 174, 181 (1934)). An innocent purchaser lacks

 notice of any infirmity or defect in the underlying sale when “(a) he has no actual

 knowledge of the defects; (b) he is not on reasonable notice from recorded

 instruments; and (c) the defects are not such that a person attending the sale

 exercising reasonable care would have been aware of the defect[s].” Swindell, 310

 N.C. at 714–15 (quoting Osborne, Nelson & Whitman, Real Estate Finance Law

 § 7.20 (1st ed. 1979)). “The burden of proof of the ‘innocent purchaser’ issue is upon

 those claiming the benefit of this principle. . . .” Morehead, 262 N.C. at 338 (citing

 Hughes v. Fields, 168 N.C. 520 (1915)).

¶ 25 Although this Court has clearly held that “mere inadequacy of the purchase

 price realized at a foreclosure sale, standing alone, is not sufficient to upset a sale, . . .

 where there is an irregularity in the sale, gross inadequacy of purchase price may be

 considered on the question of the materiality of the irregularity.” Foust, 233 N.C. at

 37. In Williams v. Chas. F. Dunn & Sons Co., 163 N.C. 206, 213 (1913), the purchaser

 at a foreclosure sale bought the tract of property in question at approximately one-

 eighth of its actual value following a sale that was affected by several deficiencies and

 irregularities. In that instance, we determined that the discrepancy between the
 IN RE GEORGE

 2021-NCSC-35

 Opinion of the Court

 purchase price and the value of the relevant property was “calculated to cause

 surprise and to make one exclaim: ‘Why, he got it for nothing! There must have been

 some fraud or connivance about it,’ ” id. (quoting Worthy v. Caddell, 76 N.C. 82, 86

 (1877)), and held that “[s]uch an apparently unfair sale should not be permitted to

 stand unless the strict right of the purchaser, under the law, requires us to sustain

 it,” Williams, 163 N.C. at 213.

¶ 26 Similarly, in Swindell, 310 N.C. 707, the prior property owners challenged the

 validity of the sale of the relevant property in connection with a foreclosure

 proceeding by alleging that the sale had resulted from an upset bid of $47,980.00 in

 spite of the fact that the property had a fair market value that was closer to

 $70,000.00. In addition, the prior property owners argued that the trustee had failed

 to properly conduct the resulting foreclosure sale given that the trustee had sold the

 multi-tract parcel as a single entity even though higher bids would have resulted from

 a decision to sell each tract separately. Id at 713–14. In analyzing this set of

 circumstances, we stated that

 [a]llegations of inadequacy of the purchase price realized
 at a foreclosure sale which has in all other respects been
 duly and properly conducted in strict conformity with the
 power of sale will not be sufficient to upset a sale. Foust
 stands for the proposition that it is the materiality of the
 irregularity in such a sale, not mere inadequacy of the
 purchase price, which is determinative of a decision in
 equity to set the sale aside. Where an irregularity is first
 alleged, gross inadequacy of purchase price may then be
 IN RE GEORGE

 2021-NCSC-35

 Opinion of the Court

 considered on the question of the materiality of the
 irregularity.

 Id. at 713 (citations omitted), before holding that the “defect in [the] foreclosure sale

 render[ed] the sale voidable,” id. at 714, and stating that the purchaser of the

 property was not entitled to good faith purchaser for value status given that he or she

 “had notice of the significant defect in the proceeding” based upon the fact that the

 “advertisement of sale itself disclosed separate debts secured by two separate deeds

 of trust on two separate tracts of land,” id. at 715.

¶ 27 A careful analysis of our prior decisions relating to the issue of when a party

 to a foreclosure sale is and is not entitled to good faith purchaser for value status

 demonstrates that, in order for a subsequent purchaser to be denied access to the

 benefits that are otherwise available to good faith purchasers for value, the record

 must show the existence of some additional irregularity or defect in the proceedings

 leading to the challenged foreclosure sale in addition to an inadequacy of the price

 that was paid by the purchaser. Although KPC Holdings and National Indemnity

 argue that no such additional procedural defect exists in this instance given that they

 were entitled to rely on the facial validity of the return of service completed by Deputy

 Barnes, which indicated that service had been effectuated upon the Georges by

 personal service upon Ms. George and that the trial court had no justification for

 concluding that either subsequent purchaser had actual or constructive notice of any

 other irregularity or defect in the sale, we do not find these arguments persuasive.
 IN RE GEORGE

 2021-NCSC-35

 Opinion of the Court

¶ 28 In the order granting the motion for relief from judgment filed by KPC

 Holdings and National Indemnity, the trial court found as a fact that

 6. The Property was not encumbered by any other liens
 or mortgages at the time the Association conducted
 the foreclosure sale.

 7. . . . [T]he January 12, 2017 non-judicial foreclosure
 sale occurred without proper service on Mr. George.

 8. KPC Holdings purchased the Property for $2,650.22
 at the January 12, 2017 non-judicial foreclosure sale.

 ....

 10. The respective principals of KPC Holdings and
 National Indemnity Group are colleagues that have
 known each other for several years and have had
 transactions in the past. . . .

 11. The consideration National Indemnity Group
 provided to KPC Holdings for the conveyance of the
 Property was a $150,000.00 promissory note. . . .

 12. National Indemnity Group planned to sell the
 Property for $240,000.00.

 According to the record developed before the trial court upon which these findings of

 fact rested, Ms. Schoening testified that she had viewed the “special proceedings file”

 in this case, which indicated that the property was not encumbered by any lien or

 mortgage other than the Association’s claim of lien before agreeing to purchase the

 property from KPC Holdings. At the conclusion of the hearing, the trial court stated

 that
 IN RE GEORGE

 2021-NCSC-35

 Opinion of the Court

 I have a hard time believing [Ms. Schoening]. When
 she was asked questions about the terms of this Note she
 couldn’t—she couldn’t remember. I don’t believe that one
 minute. It has, in fact, cast[ ] a cloud over her entire
 testimony. I’m not sure if I would believe her if she said it
 were daylight right now outside. So this notion that she’s
 innocent, this notion that she’s not being treated fairly, I
 have a hard time swallowing that pill.

 In addition, the trial court noted that it did not believe Ms. Schoening’s testimony

 regarding the nature and extent of her relationship with the owner of KPC Holdings

 or her statement that she could not recall how many properties she had purchased.

 In reaching this conclusion, the trial court opined that, “[w]hen it was an answer that

 would potentially benefit her it was right out,” but when the answer would not benefit

 her, Ms. Schoening would claim an inability to remember the relevant facts.

¶ 29 A careful examination of the trial court’s findings of fact and the evidence

 contained in the record satisfies us that the trial court did not abuse its discretion in

 determining that KPC Holdings and National Indemnity were not entitled to good

 faith purchaser for value status. In spite of the fact that the trial court did not explain

 in so many words why it concluded that KPC Holdings and National Indemnity did

 not qualify as good faith purchasers for value entitled to protection pursuant to

 N.C.G.S. § 1-108, the record provides ample support for this conclusion.

¶ 30 Although the return of service completed by Deputy Barnes indicated that Mr.

 George had been served when a copy of the notice of foreclosure was delivered to a

 person of suitable age and discretion at his “dwelling house or usual place of abode,”
 IN RE GEORGE

 2021-NCSC-35

 Opinion of the Court

 the deed by which the Georges obtained title to the property showed that they resided

 in St. Croix. In addition, the affidavit that the trustee executed for the purpose of

 establishing that valid service had been effectuated upon the Georges indicated that,

 even though copies of the notice of foreclosure had been sent to them using both

 regular and certified mail, return receipt requested, at their St. Croix address,

 neither of these mailings had reached their designated recipients. Thus, there was

 ample basis upon the face of the record for questioning whether the delivery of a copy

 of the notice of foreclosure to someone other than Mr. George at the Charlotte

 property constituted valid service upon Ms. George.

¶ 31 In addition, an inspection of the information available on the public record

 showed that the Georges owned the property free and clear of any encumbrance other

 than the $204.75 amount that they owed to the Association. After testifying that she

 was familiar with the foreclosure process and that she had purchased property at

 foreclosure sales “[m]any times” in the past, Ms. Schoening asserted that she typically

 performed online research relating to the relevant properties before agreeing to

 purchase them in foreclosure proceedings, with her research having typically

 included an examination of the relevant property tax and prior foreclosure records,

 and that she had conducted such research prior to purchasing the Georges’ property

 from KPC Holdings. In addition, Ms. Schoening acknowledged that she could have

 gleaned from the record that the Georges had previously purchased the home for more
 IN RE GEORGE

 2021-NCSC-35

 Opinion of the Court

 than $100,000.00 and had allowed it to be foreclosed upon without opposition based

 upon an apparent failure to pay the relatively small amount of $204.75. Finally, Ms.

 Schoening testified that the owner of KPC Holdings was someone whom she

 considered a “colleague,” that she had periodically purchased property that had been

 foreclosed upon from KPC Holdings, that she considered the owner of KPC Holdings

 to be a “respected real estate professional,” and that it was possible that she had sold

 properties to him in the past but she could not recall. As we understand the record,

 the testimony before the trial court clearly suggests that a grossly inadequate price

 had been paid for the property at the hearing and that KPC Holdings and National

 Indemnity had a history of dealing in foreclosed upon properties together. The nature

 of the prior dealings between KPC Holdings and National Indemnity, the fact that

 the Georges appeared to have “lost” the property over $204.75, and Ms. Schoening’s

 lack of credibility provide further indication that KPC Holdings and National

 Indemnity had reason to question the sufficiency of the notice that the Georges had

 received.

¶ 32 As a result, a careful review of the record shows that the trial court had a

 rational basis for concluding that KPC Holdings paid a grossly inadequate price to

 purchase the property from the trustee and that both KPC Holdings and National

 Indemnity had ample reason to question the sufficiency of the notice of the pendency

 of the foreclosure proceeding that the Georges had received. In light of this state of
 IN RE GEORGE

 2021-NCSC-35

 Opinion of the Court

the record, we are unable to say that the trial court’s decision to find that KPC

Holdings and National Indemnity were not good faith purchasers for value entitled

to the protections enunciated in N.C.G.S. § 1-108 lacked any reasonable basis. As a

result, we hold that, while the Court of Appeals correctly affirmed the trial court’s

determination that proper service of process had not been effectuated upon Mr.

George, In re George, 264 N.C. App. at 47, it erred by concluding that the trial court

had abused its discretion by determining that KPC Holdings and National Indemnity

were not good faith purchasers for value entitled to the protections available

pursuant to N.C.G.S. § 1-108. On the other hand, however, the trial court did err by

failing to consider the issue of whether, given its decision to invalidate the results of

the foreclosure proceeding and the resulting property transfers between the trustee,

KPC Holdings, and National Indemnity, an order requiring the payment of

restitution as authorized by N.C.G.S. § 1-108 should have been entered. As a result,

for all of these reasons, the decision of the Court of Appeals is affirmed, in part, and

reversed, in part, and this case is remanded to the Court of Appeals for further

remand to the Superior Court, Mecklenburg County, for consideration of the issue of

whether an award of restitution as authorized by N.C.G.S. § 1-108 would be

appropriate and the entry of an appropriate order embodying its resolution of that

issue.

 AFFIRMED, IN PART; REVERSED, IN PART; AND REMANDED.